UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SCOTTY LEE VAN HAWK,

　　　　Plaintiff,

　v.                                                                CAUSE NO. 3:23-CV-974 DRL-MGG

MICHAEL REED *et al.*,

　　　　Defendants.

ORDER

Scotty Lee Van Hawk filed a *pro se* complaint and a motion for leave to proceed *in forma pauperis* on November 6, 2023. Mr. Van Hawk submitted a standard *in forma pauperis* form in which he details that he has no assets or income besides "stored commodities and charity." That said, neither this form nor Mr. Van Hawk's complaint meets federal pleading standards. *See* 28 U.S.C. § 1915(a)(1).

The court construes Mr. Van Hawk's *pro se* pleading liberally and takes all well-pleaded allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Though *pro se* litigants are not held to the same standards as attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not exempt from the rules of civil procedure, *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Generally, Mr. Van Hawk alleges that he has been unlawfully detained in violation of his constitutional rights.

The court must determine whether his complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Though the court must construe his complaint liberally, *see Erickson*, 551 U.S. at 94, it has "ample authority to dismiss frivolous or transparently defective suits spontaneously," *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). The court will not grant the *in forma pauperis* motion if the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled

to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Mr. Van Hawk alleges that Judge Michael Reed of the Kosciusko Circuit Court placed him on house arrest, which he asserts is solely for convicted defendants, and he has never been convicted of a crime. He claims that he moved for an early trial at a hearing on March 24, 2023. Judge Reed apparently denied this motion. He also claims that the state delayed proceedings and "failed to meet the 70 day limit for an early trial." Thus, he claims that his detainment is unlawful and a violation of his constitutional rights.

Mr. Van Hawk's complaint suffers from several errors. First, he alleges no facts against one of the named defendants—Kosciusko County—so there is no plausible claim against the county. Second, a speedy trial issue is properly brought through a writ of habeas corpus after he exhausts state court remedies. *See Olsson v. Curran*, 328 F. Appx. 334, 335 (7th Cir. 2009) ("Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies."). The same is true for a state pretrial detainee challenging his detention. *See Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241."). Mr. Van Hawk has already filed a habeas petition in this court asserting these same issues. *See Scotty Lee Van Hawk v. Indiana Attorney General*, no. 3:23-cv-975.

The court considered affording Mr. Van Hawk an opportunity to file an amended complaint, *see Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018), but an amendment here would be futile. Accordingly, the court DENIES Mr. Van Hawk's motion to proceed *in forma pauperis* [2] and DISMISSES his case.

SO ORDERED.

November 16, 2023                          *s/ Damon R. Leichty*
                                                 Judge, United States District Court